IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CHRISTOPHER PERSAUD,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR OF THE UNITED<br>STATES PATENT AND<br>TRADEMARK OFFICE,<br><br>    Defendant. | Civil Action No. 1:16-cv-00495 |

## Memorandum Opinion

THIS MATTER comes before the Court on Plaintiff's Petition for Review and Reversal of Defendant's decision to exclude him from practicing before the United States Patent and Trademark Office ("PTO").

Christopher Persuad ("Plaintiff") was admitted to practice law in California on March 25, 2009. Nearly three years later, on July 28, 2012, the State Bar of California ("Bar") suspended Plaintiff from practicing law for three years because he had unlawfully collected and retained around $300,000 in unearned fees. The Bar ordered Plaintiff to pay restitution and engage in rehabilitative training. Later, Plaintiff misrepresented to the Bar that he had paid restitution when he actually had not paid restitution to the clients he had defrauded. As a result, on

July 24, 2013, the Bar disbarred Plaintiff from practicing law. His professional misconduct is uncontested. Plaintiff stipulated to these facts and admitted that "disbarment is warranted."

On July 15, 2014, the PTO's Director of the Office of Enrollment and Discipline (OED) served a complaint on Plaintiff for reciprocal discipline. Despite Plaintiff's arguments against reciprocal discipline, the PTO's General Counsel issued a Final Order on December 1, 2014, excluding Plaintiff from practicing before the PTO. On December 31, 2014, Plaintiff filed in this Court his first petition for review and reversal of the Final Order. Plaintiff and the PTO submitted an Agreed Order, which remanded the case to the PTO for further consideration.

On March 31, 2016, after allowing further opportunity for Plaintiff to dispute the PTO's first decision, the PTO Director issued a second Final Order excluding Plaintiff from practicing before the patent bar. On May 2, 2016, Plaintiff filed a second petition in this Court for review and reversal of the PTO's second Final Order. On July 25, 2016, the PTO filed a timely response. Pursuant to Local Rule 83.5, the administrative record may serve as the sole basis for a court's review in a petition based on 35 U.S.C. § 132. Thus, the matter is ripe for review.

Under the America Invents Act, the U.S. District Court for the Eastern District of Virginia has exclusive jurisdiction to review an order excluding an individual from practicing before

2

the PTO. The standard of review is very deferential to the PTO's decision, and the PTO's decision will only be reversed if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See 5 U.S.C. § 706. The scope of review is narrow, and a court is not to "substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). To survive judicial review, there must be a rational basis for the PTO's decision. See Manufactured Hous. Inst. v. EPA, 467 F.3d 391, 398 (4th Cir. 2006).

The PTO has plenary authority to govern the conduct of the members of its bar. Accordingly, the PTO has enacted its own Rules of Professional Conduct to govern the conduct of members practicing before the patent bar. If a member does not comply with these rules, the PTO can suspend or exclude the member. See Bender v. Dudas, 490 F.3d 1361, 1365 (Fed. Cir. 2007). Under the reciprocal discipline rules, if a member is disbarred in another jurisdiction, the PTO may disbar the member from practice in the patent bar. See 37 C.F.R. § 11.24 (d)(1)(i)-(iv)(2008).

Based on the reciprocal discipline rule, the PTO Director shall impose reciprocal discipline unless the practitioner can prove with clear and convincing evidence that there is a genuine issue of material fact that:

3

> "(i) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
> (ii) There was such infirmity of proof establishing the conduct as to give rise to the clear conviction that the Office could not, consistently with its duty, accept as final the conclusion on that subject;
> (iii) The imposition of the same public censure, public reprimand, probation, disbarment, suspension or disciplinary disqualification by the Office would result in grave injustice; or
> (iv) Any argument that the practitioner was not publicly censured, publicly reprimanded, placed on probation, disbarred, suspended or disciplinarily disqualified.

37 C.F.R. § 11.24 (d)(1)(i)-(iv). These factors originated in Selling v. Radford, 243 U.S. 46 (1917). There is a presumption that reciprocal discipline is proper when a member is disbarred from another jurisdiction.

In his Petition, Plaintiff raises two arguments for why reciprocal discipline is improper based on the Selling factors. Plaintiff argues that his exclusion from the PTO would result in grave injustice because of his subsequent rehabilitation and restitution efforts. He further argues that his exclusion from the PTO would violate his right to due process. For the reasons stated below, Plaintiff cannot prove with clear and convincing evidence that a genuine issue of material fact exists under any Selling factor.

First, Plaintiff's exclusion from the patent bar does not result in grave injustice. Under the grave injustice inquiry, the severity of the punishment must fit the misconduct. As long

as the discipline from the state bar was within the range of appropriate sanctions, it is not grave injustice for the PTO to impose reciprocal discipline.

Here, the issue is not whether reciprocal discipline would be a grave injustice now, but whether it was a grave injustice for the PTO Director to impose reciprocal discipline after the California Bar disbarred Plaintiff for misrepresentation and fraud. As the PTO Director noted in both of her Final Orders, the Bar's disciplinary standards are clear that disbarment is within the range of allowable penalties for misrepresentation and fraud. Plaintiff himself stipulated that he had defrauded forty-seven different clients and his disbarment was warranted. Thus, Plaintiff's disbarment in California fits his misconduct, and he has failed to prove that his exclusion from the PTO would result in grave injustice.

Second, Plaintiff's exclusion does not violate his right to due process. Plaintiff argues that his exclusion violates his right to due process because he lacked adequate notice of the charges against him. The minimum due process required is notice and an opportunity to be heard. See Selling, 243 U.S. at 51. The due process inquiry focuses on if the plaintiff received notice and an opportunity to be heard at the state bar disciplinary proceedings. Id.

5

Here, the Bar provided Plaintiff with due process that went above and beyond the process required. He was represented at the state bar proceedings by counsel, and he voluntarily stipulated to the facts of his misconduct. As noted above, Plaintiff also knowingly stipulated that his misconduct warranted disbarment, and his stipulation was independently reviewed by the State Bar Court. Plaintiff did not appeal or request reconsideration of the state level proceedings. Further, in his Petition to this Court, Plaintiff does not argue that the California disbarment action violated his right to due process. Thus, Plaintiff's argument that he lacked notice during the state disciplinary proceedings is unpersuasive.

Plaintiff's other due process argument is that the PTO Director provided ambiguous statements on the type of evidence she would consider. The relevant provisions in 37 C.F.R. 11.24, however, requires the Director to impose reciprocal discipline unless the plaintiff proves with clear and convincing evidence that there is a genuine issue of material facts as to one of the <u>Selling</u> factors. If the plaintiff fails to meet this standard, the PTO Director is not required to refer the complaint to a hearing officer for a formal hearing. Plaintiff has failed to meet this high standard. Thus, the PTO correctly decided that Plaintiff's right to due process was not violated.

For the reasons stated above, the PTO's decision to exclude Plaintiff from the patent bar was not arbitrary, capricious, an abuse of discretion, or otherwise against the law. The PTO had a rational basis to impose reciprocal discipline: Plaintiff lost his law license in California because he had defrauded nearly $300,000 from his former clients and then misrepresented to the Bar that he had paid restitution.

Thus, Plaintiff's Petition for Review and Reversal of the PTO Director's decision should be DENIED, and the PTO Director's decision to impose reciprocal discipline should be AFFIRMED.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 27, 2017